IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| XAVIER ANDREW FREEMAN,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 2:24-CV-154-Z<br>(Criminal Case 2:22-CR-121-Z-BR-1) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion") filed by Petitioner Xavier Andrew Freeman ("Freeman"). ECF No. 6. Having considered the Motion, the response, the record, and applicable authorities, the Court hereby **DENIES** the Motion for the reasons stated below.

**BACKGROUND**

The record in Freeman's underlying criminal case, No. 2:22-CR-121-Z-BR-1 (the "CR"), shows the following:

On January 13, 2023, Freeman pleaded guilty to one count of being a Prohibited Person in Possession of Firearms in violation of 18 U.S.C. Sections 922(g)(9) and 924(a)(8). CR ECF Nos. 37, 41. After Freeman's guilty plea, the probation officer prepared a presentence report ("PSR"), showing that Freeman's criminal history was Category IV and his base offense level was 20. CR ECF No. 44-1 ¶¶ 39, 98. After adjustments for special offense characteristics and acceptance of responsibility, his total offense level was 23 and his sentencing guideline range was 70 to 87 months. *Id.* ¶¶ 40-49, 98. On June 8, 2023, the Court sentenced Freeman to a term of imprisonment of 84 months, followed by three years of supervised release. CR ECF No. 60. Freeman's sentence and conviction were affirmed on

appeal on March 1, 2024. CR ECF No. 72. On April 25, 2024, Freeman filed a motion to reduce his sentence pursuant to Amendment 821. CR ECF No. 77. The motion was granted on June 24, 2024, and his sentence was reduced to 68 months. CR ECF No. 80.

On July 15, 2024, Freeman timely filed this Motion, asserting that U.S. Supreme Court decisions issued after his conviction render his conviction unconstitutional. CR ECF No. 82; ECF No. 1; ECF No. 6 at 7. The government responded, alleging that Freeman's argument is foreclosed by his plea agreement waiver, procedurally defaulted, and substantively incorrect. ECF No. 10. On February 26, 2025, Freeman supplemented his motion to provide additional case law in support of his argument. ECF No. 13. The government responded to the supplement, disputing the relevancy of the additional case law. ECF No. 14.

LEGAL STANDARD

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a

writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Freeman's claim, as set forth below.

### ANALYSIS

Freeman alleges that his charge of conviction was rendered unconstitutional by the U.S. Supreme Court's decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *rev'd and remanded by* 602 U.S. 680 (2024). He claims that he was entitled to a "dangerous person" hearing "to weigh the evidence to support me posing a serious threat." ECF No. 6 at 7. The government asserts, however, that Freeman's argument is barred by the appeal waiver contained in his plea agreement.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under Section 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *see also United States v. White*,

307 F.3d 336, 344 (5th Cir. 2002) (observing that knowing and voluntary waivers should not "be easily evaded" and recognizing that to hold otherwise would render such waivers "meaningless"). Such waivers "require dismissal if (1) the defendant's waiver was knowing and voluntary and (2) the waiver applies to the circumstances at hand, based on the plain language of the plea agreement." *United States v. Meredith*, 52 F.4th 984, 986 (5th Cir. 2022) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)). The Fifth Circuit has applied this inquiry to uphold waivers of appeal in a variety of contexts, including challenges to restitution, upward variances, and Guidelines enhancements. *Id.* (collecting cases).

### A. Freeman's Waiver Was Knowing and Voluntary.

The first question before the Court is whether Freeman's plea agreement was knowing and voluntary. A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254–55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Freeman's written plea agreement represented that his guilty plea was "freely and voluntarily made," and, additionally, he swore under oath in open court that his plea was voluntary. *See* CR ECF 32 at 6; CR ECF 67 at 11. Specifically, the plea agreement signed by Freeman states:

4

> This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

CR ECF No. 32 at 6. In addition, Freeman testified in open court that no one threatened him, forced him to plead guilty or promised him anything not contained in the plea agreement. CR ECF 67 at 11, 15. The record further shows that Freeman never attempted to withdraw his guilty plea, which also indicates that his plea was knowing and voluntary. Freeman's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). Freeman does not contest the voluntariness of his plea in the Motion.

The second question before the Court, whether Freeman had a realistic understanding of the consequences of his guilty plea, means that he knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). Freeman testified in open court that he understood the maximum sentence he faced by pleading guilty:

> THE COURT: At this point in your hearing, Mr. Freeman, I need to make certain you understand what the possible penalties and consequences are if there's a conviction on the offense charged in Count Four of the indictment. These were listed out for you previously within Paragraph 3 of the Plea Agreement that you've signed. However, the Government's attorney will read those out loud. After those are read, I'll ask if you understand.
>
> MS. BELL: The penalties the Court can impose include imprisonment for a period not to exceed 15 years; a fine not to exceed $250,000, or twice the money gained to the Defendant or twice the money lost to any victim; a term of supervised release of not more than three years; a mandatory special assessment of $100; restitution to victims or to the community; the Defendant to pay the costs of incarceration and supervision; and the forfeiture of any property listed in the Plea Agreement.
>
> THE COURT: Having heard all of those possible penalties and consequences being read out loud, do you understand each of them?
>
> THE DEFENDANT: Yes, Your Honor.

5

CR ECF 67 at 14. The record clearly shows that the Magistrate Judge notified Freeman of his potential maximum sentence and fine, and that he represented that he understood. Freeman's solemn declarations in open court are entitled to a presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) ("Solemn declarations in open court carry a strong presumption of verity.") (internal quotation omitted). Likewise, his plea agreement and factual resume are entitled to the same presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Freeman fails to overcome his declarations under oath that he understood the charges against him and knew that—regardless of any advisory guideline—the Court could impose any sentence up to 15 years. CR ECF 67 at 14. Freeman's guilty plea was undisputedly knowing and voluntary.

### B. Application of the Waiver to Freeman's Circumstances.

The Court next considers whether the waiver applies to the circumstances at hand. *See Meredith*, 52 F.4th at 986. Freeman seeks to collaterally attack his conviction as unconstitutional. By its plain terms, however, Freeman's knowing and voluntary waiver bars a constitutional attack on his conviction. Freeman bargained away his "right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." CR No. 32 at 6. Freeman's waiver encompasses his claim that the statute of conviction was later deemed unconstitutional.

Plea waivers preclude any argument based on new case law. *United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022). The Fifth Circuit has repeatedly enforced appellate and collateral review waivers even when a subsequent Supreme Court decision might have supported the defendant's claim. *See United States v. Barnes*, 953 F.3d 383, 386–87 (5th Cir. 2020). The Fifth Circuit has long held that "a voluntary plea of guilty intelligently

made in the light of the then-applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *United States v. Nyandorao*, 146 F.4th 448, 457 (5th Cir. 2025) (citing *Barnes*, 953 F.3d at 387). Recently, the Fifth Circuit held that a valid "waiver bars relief even if [a subsequent Supreme Court case] would otherwise apply to [a movant's] case." *United States v. Smith*, No. 23-50619, 2025 WL 2238589, at *4 (5th Cir. Aug. 6, 2025). Regardless of the validity of Freeman's argument (which the Court does not decide here), it is waived by his plea agreement.

Because the waiver issue is dispositive, the Court does not reach the government's additional arguments.

For the reasons stated above, Freeman's Motion is **DENIED with prejudice**.

**SO ORDERED.**

October __, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE